

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00023-CR

IN RE BILLY WAYNE WALLACE

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

# MEMORANDUM OPINION

Relator, Billy Wayne Wallace, filed a petition for a writ of mandamus asking this Court to direct the "Lamar County District Court," Respondent, to enter a writ of mandamus directing Respondent "to credit Relator with time spent in the Lamar County Jail from [June 21, 2021,] to the date of filing" of his petition. We deny the petition.

Article V, Section 6, of the Texas Constitution defines the appellate jurisdiction of the courts of appeals, stating that they "shall have such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6(a). Section 22.221 of the Texas Government Code authorizes appellate courts to issue writs of mandamus against certain judges in their districts, including judges of district courts, and "to enforce the jurisdiction of the court." TEX. GOV'T CODE ANN. § 22.221(a), (b) (Supp.).

Although Lamar County is within our appellate jurisdiction, it has two district courts, the 6th Judicial District Court and the 62nd Judicial District Court. Relator's petition does not identify which judge and district court in Lamar County against whom he seeks a writ of mandamus. In addition, Relator's petition appears to complain of the actions, or the failure to act, of the district clerk of Lamar County, over whom we do not have mandamus jurisdiction in the circumstances alleged by the petitioner. As a result, we are unable to determine whether we have jurisdiction to issue a writ of mandamus.

Accordingly, we deny the petition for a writ of mandamus.


Jeff Rambin
Justice

Date Submitted:     February 14, 2024
Date Decided:       February 15, 2024

Do Not Publish